**[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 74.]**

COLUMBUS BAR ASSOCIATION *v*. MILLESS.

[Cite as *Columbus Bar Assn. v. Milless*, 2002-Ohio-3455.]

*Attorneys at law—Misconduct—One-year suspension with entire year of suspension stayed on condition of restitution of unearned retainer to client—Failure to adequately represent client—Failure to cooperate in disciplinary investigation.*

(No. 2001-1829—Submitted March 13, 2002—Decided July 17, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-90.

———————————

**Per Curiam**.

{¶ 1} In May 1995, John Whittington retained respondent, Charles Keller Milless of Columbus, Ohio, Attorney Registration No. 0007025, and paid him a retainer of $1,000. Respondent was to prepare and file an entry that would give Whittington custody of his son and increase the amount of child support he received from the child's mother. In July 1998, the Franklin County Court of Common Pleas, Domestic Relations Division, issued an order that Whittington return approximately $6,000 to the child's mother as overpayment for child support. Whittington then checked the court records and discovered that respondent had not filed an entry increasing child support to be paid by the mother. According to the documents on file in the case, the mother had overpaid Whittington.

{¶ 2} Whittington's numerous attempts to contact respondent by phone and mail to correct the situation were unsuccessful. In August 1999, he filed a grievance with relator, Columbus Bar Association. In November 1999, replying to relator's inquires regarding the grievance, respondent promised to file the appropriate entry and rectify the situation. In December 1999, and again in January

and in February 2000, respondent told relator that he would take action in the case. However, respondent took no action and thereafter ceased to communicate with relator. Respondent had not yet taken any action in Whittington's case when relator filed a complaint on October 9, 2000, charging him with violating several provisions of the Code of Professional Responsibility.

{¶ 3} Respondent did not answer the complaint, and the Board of Commissioners on Grievances and Discipline referred relator's motion for default to Master Commissioner Robin G. Weaver. Master Commissioner Weaver found the facts as alleged and concluded that respondent's failure to adequately represent Whittington and his failure to cooperate in relator's investigation violated DR 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law), 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7-101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of a client), 7-101(A)(2) (a lawyer shall not fail to carry out a contract for professional employment), 7-101(A)(3) (a lawyer shall not prejudice or damage his client), 9-102(B)(4) (a lawyer shall promptly deliver to the client funds or property to which the client is entitled), and Gov.Bar R. V (4)(G) (no attorney shall neglect or refuse to assist or testify in an investigation or hearing). The master commissioner recommended that respondent be indefinitely suspended from the practice of law and that he make restitution to Whittington of the retainer.

{¶ 4} The board adopted the findings, conclusions, and recommendation of the master commissioner.

{¶ 5} On review of the record we adopt the findings and conclusions of the board. However, we note that respondent's inaction is an isolated instance of nonfeasance in a long and distinguished legal career, that respondent has an exemplary record of civic activity, and that during the period these violations occurred, respondent suffered a number of traumatic events, including the removal of a kidney with a malignant tumor, the end of a thirty-year marriage, and the death

of his mother. In view of these mitigating circumstances, we find that respondent should be and he hereby is suspended from the practice of law for one year with the entire year of suspension stayed, conditioned upon respondent's restitution of the unearned retainer, with interest at the judgment rate, within thirty days. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Arthur J. Marziale, Jr., and Bruce A. Campbell, for relator, Columbus Bar Association.

Geoffrey Stern and Christopher J. Weber, for respondent, Charles K. Milless.

_____